IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS HENRY RADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01247-X (BT) |
| | § | |
| CITY OF FARMERS BRANCH, | § | |
| *et al.* | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nicholas Rady seeks to bring this lawsuit without paying the required filing fee. *See* IFP motions. (ECF Nos. 4, 8).

This Court may authorize a person to proceed *in forma pauperis* (IFP)—that is, without the prepayment of fees—when it determines the person cannot afford the fee. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439-40 (5th Cir. 2016).

Here, Plaintiff has submitted an affidavit showing that he received $2,500 a month on average from self-employment over the last year and expects to make $3,500 next month. ECF No. 8 at 1. He has $2,435.54 in a checking or savings

account. *Id.* at 2. He owns a home and a 2024 Mini Countryman vehicle valued at $22,000. *Id.* at 3. He lists one dependent and $4,500 in monthly expenses. *Id.* at 3-5.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff financial hardship. Plaintiff's income last year ($30,000) places his household above the federal poverty threshold for a two-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2026*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited May 21, 2026). Also, he has funds in his checking or savings account to pay the filing fee.

Considering Plaintiff's available income and expenses, the Court finds that Plaintiff has not shown that paying the full filing fee would impose an undue financial burden. Thus, the Court should **DENY** Plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 4, 8) and dismiss his case without prejudice unless he pays the $405.00 filing fee within fifteen days of an order accepting this recommendation.

**SO RECOMMENDED**.

Signed May 26, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).